74,389-07

Anthony Norman
# 1718789 / WYNNE
810 FM 2821
Huntsville, TX 77349

This document contains some
pages that are of poor quality
at the time of imaging.

Sian Schilhab
General Counsel
Texas Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, TX 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

01/13/2014

Re: Certiorari to U.S.S.C. [Legal Sufficiency v. Factual Sufficiency]

Hello Mr. Schilhab,

    Enclosed you will find a copy of my Petition for Writ of Certiorari. You may, or may not be aware this issue covers the Court's application of Factual Review per Brooks v. State, 323 S.W.3d 893, 901. I intend to pursue this issue to the fullest until I am released from TDCJ with an acquital. I do understand why the Court made this change. However it was without authority, and that decision has created a monster which has allowed myself, and others to be convicted, without any indica of proof. I look foward to a re-affirmance of the rule of law. Too bad that rule of law will mostlikley be dictated by the Federal Court.

Thank you,

Anthony Norman

Docket #: _____

# IN THE UNITED STATES SUPREME COURT

Anthony Whitney Norman, Petitioner

v.

Texas Court of Criminal Appeals, Texas
Fourteenth Court of Appeals, Respondent

On Petition for Writ of Certiorari to the
United States Court of Appeals for the Fifth Circuit

## Petition for Writ of Certiorari

Party Pro Se: Anthony Norman
#1718789/WYNNE
810 FM 2821
Huntsville, TX 77349

Respondent: Sian Schilhab
General Counsel
Texas Court of Criminal
Appeals
P.O. Box: 12308
Capitol Station
Austin, TX 78711-2308

Question (s):

1.) When a convicted person attempts to use the Appellate System devised in his State finds that the highest Court in his State has unequivocally removed statutory, and constitutionally granted rights (without authority), said rights being applicable on collateral / habeas corpus review is that person denied Access to the Courts when he attempts to utilize those rights and that / those issues are ruled on in such a manner to obfuscate / ignore the existence of the law and is that person entitled to use the Federal Court System to enforce his State Rights via the Due Process clause [Equal Protection], and via established U.S. Supreme Court Precedence?

2.) Is it a violation of Due Process when the State's highest Court simply changes the definition of a legally cognizable word in order to avoid enforcing a convicted persons statutory, and constitutional rights in a Criminal Proceeding while maintaining the legally cognizable definition in Civil Proceedings — said Right being derived from the same State Constitutional Provision?

3) Is it simply enough to allow a convicted person to file legal papers in Court without the possibility of the issue of enforcement of his State Law Right(s) being addressed in the context and construction statutorily and constitutionally provided by State Law and is such denial enforceable

In Federal Court in the form of an injunction effective to enforce a person's Due Process Rights under Federal Law and Supreme Court Precedence?

3

# Table of Contents

Question(s) ................................... 2

List of Parties ................................. 5

Citation of the Official and Un Official Reports ......... 5

Jurisdiction ................................... 6

28 U.S.C. §2403(b) Disclosure ................... 6

Constitutional Provisions ....................... 7

Statement of the Case ......................... 8

Direct Statement and Consise Argument ........... 9

Appendix .................................... 13

# L . List of Parties

Petitioner: Anthony Whitney Norman (Pro Se)

#1718789 / WYNNE

810 FM 2821

Huntsville, TX 77349

(000) 000-0000

Respondent: Sian Schilhab

General Counsel

Texas Court of Criminal Appeals

P.O. Box 12308

Capitol Station

Austin, TX 78711-2308

(512) 463-1597

Nina Indelicato

General Counsel

Texas Fourteenth Court of Appeals

301 Fannin St.

Houston, TX 77002

(713) 274-2800

## Citation of the Official and Unofficial Reports of the opinions

-- No citations available to Pro Se Petitioner

Official Original filings available via U.S. District Court, and United States Court of Appeals for the Fifth Circuit

1.) U.S.D.C. for the Southern District of Texas Houston Division
Anthony Whitney Norman v. Texas Court of Criminal Appeals,
ETAL No: 13-CV-0074 / H-0074

2.) U. S. Court of Appeals for the Fifth Circuit
Anthony Whitney Norman v. Texas Court of Criminal Appeals,
ETAL  No. 14-20090


## Jurisdiction

1.) ▬▬▬ Date of Judgement  09/26/2014  U.S.C.O.A

2.) Denial of Rehearing via C.O.A.  10/24/2014

3.) Right to Request Certiorari Review within 90 Days of
adverse decision/denial of rehearing

   a.) U.S. Supreme Court Rules Rule 10

   b.) U.S. Constitution's First Amendment - Redress of Grievance(s)

   c.) U.S. Code  42 U.S.C. §1983

4.) Expiration of 90 Day period concludes on 01/23/2015


## 28 U.S.C. §2403(b) Disclosure

• No disclosure is applicable in this case

# Constitutional Provisions

U.S.C.A. Amend.

## Article XIV §1

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the priviledges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of Law; nor deny to any person within its' jurisdiction the equal protection of the laws.

## Article I

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

## Statement of the Case

Petitioner brings this action in review of a Request for an Injunction filed in the U.S. District Court (H-0074 Docket 1) against the Texas Court of Criminal Appeals (T.C.C.A.), ETAL. Petitioner alleged he has been denied a State Constitutional Right to have his, and others Criminal Convictions Reviewed using a standard of Factual Sufficiency as established by State Law in both Texas Code of Criminal Procedures Article 44.25, and via the Texas Constitution Article V section 6. The U.S.D.C. was asked to Order enforcement of a State Right as the States' bicameral Texas Court of Criminal Appeals has made an inconsistent, and irreconcileable application of standing legal principle changing the definition of Factual Sufficiency to that of Legal Sufficiency only when reviewing Criminal Cases, and not Civil Cases. ( Brooks v. State, 323 S.W. 3d 893, 901; see also Kiffe v. State, 361 S.W. 3d 104, 113 ). This application effectively re-legislates the Laws and materially dis-enfranchises criminal appellants selectively over Civil appellants expressly denying Equal Protection under the Law as secured by the U.S.C.A. Amend. 14, and 42 U.S.C. §1983. On review the COA has interpreted Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 as only protecting an inmates ability to file legal papers irrespective of whether that filing could infact have the power of being

reviewed according to existing constitutional, and statutory law. Petitioner asserts he has not only a Right of actual review consistent with State Law via 42 U.S.C. §1983, but that he is entitled to protection and compliance with the Law under the Equal Protection clause of U.S.C.A. Amend. 14.

## Direct Statement and Concise Argument

The United States Court of Appeals for the Fifth Circuit has decided an important Federal Question in a way that conflicts with relevant decisions of this Court. Such a departure of standing U.S. Supreme Court Precedence as defined by Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed 2d 72 (1977), Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974), Procunier v. Martinez, 416 U.S. ~~522~~, ~~475~~, 396, 94 S.Ct. 1800, 40 L.Ed. 2d 224 (1974) that this case should be addressed by this Court.

In this case the highest State Court has taken upon itself to re-legislate a Texas State Constitutional Right Article V §6 of Factual Review, and a seperate statutory Right of Factual Review provided by Texas Code of Criminal Procedures Article 44.25 via changing the legal definition of Factual Sufficiency to that of Legal Sufficiency (Brooks v. State, 323 S.W.3d 893, 901) asserting the two terms are reconcilable. see (Kiffe v. State, 361 S.W.3d 104, 113), Petitioner has simply asked the U.S. District Court for Legitimate enforcement of a well established State Right. This Court has firmly established: "Once a state has conferred a property right, it cannot constitutionally deprive an individual of the right

without procedural safeguards. ( Schaper v. City of Huntsville, 813 F.2d 709, 713-714 (CA5)

In this instance the COA has asserted the Petitioner has plead his best case Appendix 2 ( Case 14-20090 Document 00512 -776498 page 3), and should have re-argued his case. It also has asserted that the act of Filing a Legal Document with the Court sufficiently satisfies Access to Courts. However the U.S.D.C.'s ruling 4/18/2014 Appendix 3 ( Case 4:14-cv-00074 Docket # 16 p3) shows the Petitioner did in fact elaborate why his petition should go foward including the Fact that his Factual Sufficiency Review claim was merged into Legal Sufficiency expressly denying him Procedural and Substantive Due Process. At the very least this case should have been sent back to the U.S.D.C. with the opportunity to amend after the COA decided the Respondent does not enjoy Absolute Immunity from suit as claimed by the U.S.D.C. ( 587 F.3d 769, 767-68 (CA5)

"The Supreme Court has also viewed the right of Access to the Courts as one aspect of the First Amendment Right to petition the court as one aspect of the First Amendment Right to petition the government for grievances," California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L. Ed. 2d 642 (1972)"

The COA has cited Rooker-Feldman as a bar to consideration. However the COA has skirted and ignored the FACT that the Petitioner was unable to achieve a ruling on the merits of his case under Factual Review.

> "To the extent that Norman seeks to have us review the state courts' failure to conduct a factual sufficiency analysis in his own appeal and order such an analysis to occur, his claims are barred by the Rooker-Feldman Doctrine because he is seeking review of a state court judgements." Appendix 2 page 2

This argument is counter intuitive as Rooker-Feldman was actually based on an adverse decision in State Court. Here there is No State judgement to challenge other than the refusal to decide. I am no legal scholar, but that argument cannot stand. It clearly demonstrates the Court is not open to everyone, nor does the Law apply to everyone. No one is more disappointed in Texas' courts, but do they really deserve protection from obvious misconduct? No one deserves to have the carpet pulled from under their feet. The U.S. Supreme Court has made it abundantly clear in Griffin v. Illinois, 351 U.S. 12, 18 that once a State establishes an Appellate Right it cannot be unduly interfered with. That interference is the sole basis of the original complaint. (76 S.Ct. 585, 590, 100 L.Ed 891 (1956))

> "A courts primary objective in statutory construction is to give effect to the Legislatures' intent. Jasek v. Texas Dept. of Family, ... 348 S.W.3d 523

12

Petitioner request this Court ~~quash~~ qualify this case for Certiorari due to the Fact(s) that important Constitutional questions have been presented:

1.) Can a State Court re-define an established Legal word to effectively change its' meaning having the effect of re-legislating State Law and dis-enfranchising a citizen's right to that law?

2.) Can a State Court discriminate between civil and criminal proceedings applying a different meaning in criminal cases verses a civil case using the same law?

3.) Does an inmate have a legitimate right of Access to Courts to the extent that filing of a legal paper could actually achieve a quantifiable result(s), and/or protect his or her rights?

4.) Can a State Court exceed its' Judicial Authority assuming voter and legislative authority to re-write established state law in the guise of a Judicial Ruling?

Are these not questions, and issues represented by this case, and does existing U.S. Supreme Court precedent protect these rights, or has the COA's decision reversed, and modified U.S. Supreme Court Precedance?

## Appendix

1.) United States Court of Appeals for the Fifth Circuit
      Cause # 14-20090    10/24/2014
         order denying Rehearing

2.) United States Court of Appeals for the Fifth Circuit
      Cause # 14-20090    9/22/2014
         order affirming Judgement

3.) United States District Court for the Southern District of Texas
      cause # H-14-0074              4/11/2014
         order dismissing eaction

## Request for Relief

Petitioner prays this court grant certiorari, and reverses this cause of action back to the U.S.D.C.

Sincerely,

Anthony Norman

Anthony Norman   Pro Se
#1718789 / WYNNE
810 FM 2821
Huntsville, TX 77349
(XXX) XXX-XXXX

## Certificate of Service

I Anthony Norman certify I have mailed a true and correct copy of this Petition for Writ of Certiorari to the Respondents general counsel on or after 01/19/2015 via placing a copy in the prison mail system for First Class delivery via U.S. Mail. less the appendix.

Anthony Norman